REYNOLDS & DRAKE, P.C.
29 North Shore Road
Absecon, NJ 08201
(609) 645-7406
Attorney for Defendants, Vanette Perkins, M.D. and Professional Pain Management

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

BRIAN T. PENNINGTON,

        Plaintiff

v.                                                                                                         CIVIL ACTION 1:12-cv-07179-JHR-KMW

NEW ENGLAND COMPOUNDING
PHARMACY, INC., d/b/a NEW ENGLAND
COMPOUNDING CENTER; PREMIER
ORTHOPAEDIC AND SPORTS
MEDICINE ASSOCIATES OF SOUTHERN
NEW JERSEY, LLC, also trading as
PREMIER ORTHOPAEDIC ASSOCIATES;
PREMIER ORTHOPAEDIC ASSOCIATES
SURGICAL CENTER, LLC;
PROFESSIONAL PAIN MANAGEMENT
ASSOCIATES; VANETTE PERKINS, M.D.,
JOHN DOE(S) CORPORATIONS (1-4);
AND JOHN DOE(S) M.D. (1-3),

        Defendants

The defendant(s), Vanette Perkins, M.D. and Professional Pain Management Associates, only, by way of Answer to the Complaint of the plaintiff, above, says that:

## PARTIES

1. Neither admitted nor denied and plaintiffs are left to their proofs.

2. Neither admitted nor denied and plaintiffs are left to their proofs.

3. Neither admitted nor denied and plaintiffs are left to their proofs.

4. Neither admitted nor denied and plaintiffs are left to their proofs.

5. Neither admitted nor denied and plaintiffs are left to their proofs.

6. Neither admitted nor denied and plaintiffs are left to their proofs.

7. Neither admitted nor denied and plaintiffs are left to their proofs.

8. Neither admitted nor denied and plaintiffs are left to their proofs.

9. Admitted.

10. Admitted.

11. Neither admitted nor denied and plaintiffs are left to their proofs.

12. Neither admitted nor denied and plaintiffs are left to their proofs.

13. The defendant, Vanette Perkins, M.D., is a practicing physician in the State of New Jersey associated with the defendant, Professional Pain Management Associates. Otherwise, the allegations contained in this paragraph are neither admitted nor denied and plaintiffs are left to their proofs.

14. Admitted.

15. Neither admitted nor denied and plaintiffs are left to their proofs.

16. Neither admitted nor denied and plaintiffs are left to their proofs.

## FACTS

17. Neither admitted nor denied and plaintiffs are left to their proofs.

18. Neither admitted nor denied and plaintiffs are left to their proofs.

19. Neither admitted nor denied and plaintiffs are left to their proofs.

20. Neither admitted nor denied and plaintiffs are left to their proofs.

21. Denied.

22. Denied.

## COUNT I – VIOLATIONS OF THE PRODUCT LIABILITY ACT, N.J. STAT. §2A:58C-1 to 7

### BRIAN T. PENNINGTON
V.
### NEW ENGLAND COMPOUNDING PHARMACY, INC. d/b/a NEW ENGLAND COMPOUNDING CENTER, PREMIERE ORTHOPAEDIC AND SPORTS MEDICINE ASSOCIATES OF SOUTHERN NEW JERSEY, LLC, also trading as PREMIERE ORTHOPAEDIC ASSOCIATES, PREMIER ORTHOPAEDIC ASSOCIATES SURGICAL CENTER, LLC AND JOHN DOE(S) CORPORATIONS (1-4)

23. The defendants, Vanette Perkins, M.D. and Professional Pain Management Associates, hereby repeat each and every answer to the allegations contained in the preceding paragraphs and counts of this Complaint as if set forth at length herein.

24. Neither admitted nor denied and plaintiffs are left to their proofs.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

**WHEREFORE**, the defendants, Vanette Perkins, M.D. and Professional Pain Management Associates, hereby demand judgment dismissing plaintiff's Complaint together with counsel fees and costs of suit.

## COUNT II – NEGLIGENCE

### BRIAN T. PENNINGTON

**V.**
**NEW ENGLAND COMPOUNDING PHARMACY, INC., d/b/a NEW ENGLAND COMPOUNDING CENTER and JOHN DOE CORPORATIONS (1-4)**

29. The defendants, Vanette Perkins, M.D. and Professional Pain Management Associates, hereby repeat each and every answer to the allegations contained in the preceding paragraphs and counts of this Complaint as if set forth at length herein.

30. Neither admitted nor denied and plaintiffs are left to their proofs.

31. Neither admitted nor denied and plaintiffs are left to their proofs.

32. Neither admitted nor denied and plaintiffs are left to their proofs.

33. Denied.

34. Denied.

**WHEREFORE**, the defendants, Vanette Perkins, M.D. and Professional Pain Management Associates, hereby demand judgment dismissing plaintiff's Complaint together with counsel fees and costs of suit.

**COUNT III – NEGLIGENCE**

**BRIAN T. PENNINGTON**
**V.**
**PREMIER ORTHOPAEDIC AND SPORTS MEDICINE ASSOCIATES OF SOUTHERN NEW JERSEY, LLC, also trading as PREMIERE ORTHOPAEDIC ASSOCIATES, PREMIERE ORTHOPAEDIC ASSOCIATES SURGICAL CENTER, LLC, PROFESSIONAL PAIN MANAGEMENT ASSOCIATES, VANETTE PERKINS, M.D., JOHN DOE CORPORATIONS (1-4) and JOHN DOE, M.D. (1-3)**

35. The defendants, Vanette Perkins, M.D. and Professional Pain Management Associates, hereby repeat each and every answer to the allegations contained in the preceding paragraphs and counts of this Complaint as if set forth at length herein.

36. Neither admitted nor denied and plaintiffs are left to their proofs.

37. Denied.

38. Denied.

**WHEREFORE**, the defendants, Vanette Perkins, M.D. and Professional Pain Management Associates, hereby demand judgment dismissing plaintiff's Complaint together with counsel fees and costs of suit.

### COUNT IV – BREACH OF EXPRESS WARRANTY

### BRIAN T. PENNINGTON
### V.
### NEW ENGLAND COMPOUNDING PHARMACY, INC. d/b/a NEW ENGLAND COMPOUNDING CENTER and JOHN DOE CORPORATIONS (1-4)

39. The defendants, Vanette Perkins, M.D. and Professional Pain Management Associates, hereby repeat each and every answer to the allegations contained in the preceding paragraphs and counts of this Complaint as if set forth at length herein.

40. Neither admitted nor denied and plaintiffs are left to their proofs.

41. Neither admitted nor denied and plaintiffs are left to their proofs.

42. Denied.

**WHEREFORE**, the defendants, Vanette Perkins, M.D. and Professional Pain Management Associates, hereby demand judgment dismissing plaintiff's Complaint together with counsel fees and costs of suit.

### FIRST SEPARATE DEFENSE

The answering defendants hereby raise the pertinent Statute of Limitations defenses.

### SECOND SEPARATE DEFENSE

The answering defendants hereby raise all defenses available under the Affidavit of Merit of Statute. N.J.S.A. 2A:53-26, et seq.

### THIRD SEPARATE DEFENSE

The answering defendants specifically deny negligence.

### FOURTH SEPARATE DEFENSE

The answering defendants performed each and every duty owed to the plaintiff.

### FIFTH SEPARATE DEFENSE

The answering defendants deny plaintiffs' claims of proximate causation.

### SIXTH SEPARATE DEFENSE

The losses and injuries alleged to have been sustained by plaintiff were caused by the sole negligence of the plaintiff.

### SEVENTH SEPARATE DEFENSE

The losses and injuries alleged to have been sustained by plaintiff were caused by the acts of others than the answering defendants and the defendants hereby plead the Comparative Negligence Act of the State of New Jersey. N.J.S.A. 2A:15-1, et seq.

### EIGHTH SEPARATE DEFENSE

The losses and injuries alleged by plaintiff were caused by and arose out of risks of which the plaintiff had full knowledge and had assumed.

### NINTH SEPARATE DEFENSE

The answering defendants fulfilled all duties and obligations to properly inform the patient of all potential risks and complications.

### TENTH SEPARATE DEFENSE

The negligence, if any, was that of others over whom the answering defendants owed no duty and to whom the answering defendants exercised no control.

### ELEVENTH SEPARATE DEFENSE

The plaintiff has failed to state a cause of action upon which relief may be granted.

## TWELFTH SEPARATE DEFENSE

The answering defendants assert that plaintiff's alleged losses and injuries are the result of an act by an independent intervening agency or instrumentality over which the answering defendants had no power or control.

## THIRTEENTH SEPARATE DEFENSE

To the extent that it may be applicable, plaintiff's complaint is barred by laches.

## FOURTEENTH SEPARATE DEFENSE

To the extent that it may be applicable, defendant raises the affirmative defense of *res judicata*.

## FIFTEENTH SEPARATE DEFENSE

The proximate cause of the alleged injuries was the existing and pre-existing physical condition of the plaintiff.

## SIXTEENTH SEPARATE DEFENSE

To the extent applicable, plaintiff's Complaint is barred or limited by lack of personal and/or subject matter jurisdiction.

## SEVENTEENTH SEPARATE DEFENSE

To the extent applicable, plaintiff's claims are barred or limited by the entire controversy doctrine.

## EIGHTEENTH SEPARATE DEFENSE

To the extent applicable, plaintiff's claim is barred by the provisions of the New Jersey Tort Claims Act.

## NINETEENTH SEPARATE DEFENSE

To the extent applicable, plaintiff's claim is barred and/or limited by the New Jersey Wrongful Death Act, N.J.S.A. 2A:3.1 et seq.

### TWENTIETH SEPARATE DEFENSE

To the extent applicable, defendant(s) raises all defenses under the New Jersey Property-Liability Insurance Guaranty Association Act. N.J.S.A. 17:30A-1 et seq.

### TWENTY FIRST SEPARATE DEFENSE

To the extent applicable, defendant(s) is entitled to a credit for any and all medical bills or other benefits for which plaintiff either received or is entitled to received benefits from any collateral source pursuant to N.J.S.A. 2A:15-97.

### TWENTY SECOND SEPARATE DEFENSE

Defendant hereby reserves the right to amend this Answer to assert additional separate defenses as revealed or suggested by the completion of ongoing investigation and discovery.

### CROSSCLAIM FOR CONTRIBUTION OR SETTLEMENT CREDIT

While denying any liability to plaintiffs on the Complaint and specifically denying that the defendant(s) deviated from the standard of care or that there exists any proximate relationship between this defendant's conduct and any damages allegedly sustained by the plaintiff based upon information and belief, and while asserting that there is no basis for liability as to other defendant(s), the answering defendant(s) nevertheless hereby asserts a claim for contribution from the co-defendants pursuant to the "Joint Tortfeasors Act of the State of New Jersey" and the "Comparative Negligence Act of the State of New Jersey" and, in the alternative, the answering defendant(s) contend that in the event the proofs at trial establish any basis for liability on the part of any other co-defendant or in the event any other co-defendant or defendants enter into

a settlement agreement, in whole or in part with the plaintiff, then defendant(s) hereby asserts a claim for a credit reducing the amount of any judgment in favor of the plaintiff against the defendant(s) reflecting the percentage of fault of the settling co-defendant pursuant to the opinion of the Supreme Court of the State of New Jersey in **Young v Latta**, 123 N.J. 584 (1991).

## CROSSCLAIM FOR INDEMNIFICATION

The defendant(s) by way of Crossclaim for Indemnification against the co-defendants, says that::

1. Claim has been made against defendant(s) on behalf of Plaintiff in which it is alleged that defendant(s) is responsible for certain injuries allegedly suffered by plaintiff, which responsibility is disputed and denied.

2. While denying that defendant(s) has any responsibility for plaintiff's alleged injuries, defendant(s) herewith asserts that any finding of responsibility would be secondary and passive in nature when compared with the active and primary responsibility of the co-defendants.

3. By reason of the active and primary responsibility of the co-defendants, the co-defendants owe defendant(s) a Common Law duty and obligation to hold defendant(s) financially harmless from the plaintiff's claim.

4. The co-defendants have breached their Common Law duty and responsibility to hold defendant(s) financially harmless from the plaintiff's claim.

**WHEREFORE**, the defendant(s), Vanette Perkins, M.D. and Professional Pain Management Associates, demands Judgment obligating the co-defendants to fully and completely Indemnify the defendant(s), from any and all amounts which may be

assessed against him/her on account of Plaintiff's claim inclusive of damages, interest, counsel fees and costs of suit.

## ANSWER TO CROSSCLAIMS

The answering defendant(s) denies each and every allegation of any and all crossclaims which may have been or may be asserted against defendant(s).

## DEMAND PURSUANT TO RULE 4:18-2

Pursuant to Rule 4:18-2, defendant hereby demands any and all documents referenced in plaintiff's complaint within 5 days.

## NOTICE PURSUANT TO RULES 1:5-1(a) AND 4:17-4(c)

TAKE NOTICE, that the undersigned attorney, counsel for the answering defendant, does hereby demand, pursuant to Rules 1:5-1(a) and 4:17-4(c) that each party herein serving pleadings and interrogatories and receiving answers thereto, serve copies of all such pleadings and answered interrogatories received from any party, including any documents, papers and other materials referred to therein, upon the undersigned attorney, and TAKE NOTICE that is a continuing demand.

## DEMAND FOR AFFIDAVIT OF MERIT

TAKE NOTICE, that the answering defendant demands plaintiff produce an Affidavit of Merit pursuant to N.J.S.A. 2A:53A-26, et seq., within sixty days. Pursuant to Buck v. Henry, the defendant, Vanette Perkins, M.D., is a physician who specializes in the subspecialty of medicine known as pain management. The defendant, Professional Pain Management Associates, provides pain management by and through its authorized representatives, including Dr. Vanette Perkins, M.D. Therefore, these defendants hereby demand an Affidavit of Merit from a like qualified physician.

## CERTIFICATION PURSUANT TO R. 4:5-1(B)(2)

Pursuant to R. 4:5-1(b)(2), the undersigned, attorney for defendant(s), Vanette Perkins, M.D. and Professional Pain Management Associates, hereby certifies that the matter in controversy is not the subject of any another action pending in any Court or appending arbitration proceeding and the defendant(s) is not aware of any contemplated action or arbitration proceeding.

### DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, Steve Drake, Esquire, is hereby designated as trial counsel for the defendant(s), Vanette Perkins, M.D. and Professional Pain Management Associates, in the above captioned matter.

### DEMAND FOR ANSWERS TO UNIFORM INTERROGATORIES

Demand is hereby made that plaintiff provide responses to Uniform Interrogatories Form A and Form A(1) as prescribed by the Rules of Court.

### JURY TRIAL DEMAND

The undersigned, attorney for the defendant(s), Vanette Perkins, M.D. and Professional Pain Management Associates, hereby demands Trial by Jury pursuant to R.1:8-1(b) and hereby objects to a verdict returned by less than six jurors on any question before the jury.

REYNOLDS & DRAKE, P.C.

By: _____
Steve Drake, Esquire
Attorney for Defendant(s),
Vanette Perkins, M.D. and
Professional Pain Management Associates

Dated: December 14, 2012