# M<small>C</small>E<small>LROY</small>, D<small>EUTSCH</small>, M<small>ULVANEY</small> & C<small>ARPENTER</small>, LLP
### ATTORNEYS AT LAW

1300 MOUNT KEMBLE AVENUE
P.O. BOX 2075
MORRISTOWN, NEW JERSEY 07962-2075
(973) 993-8100
FACSIMILE (973) 425-0161

WALTER F. TIMPONE
Direct dial: (973) 425-8701
wtimpone@mdmc-law.com

January 15, 2013

**V<small>IA</small> E<small>LECTRONIC</small> C<small>OURT</small> F<small>ILING</small>**
Hon. Renee Marie Bumb, U.S.D.J.
Mitchell H. Cohen U.S. Courthouse
One John F. Gerry Plaza
Camden, New Jersey 08101

      RE:   **Jennifer Marko, et al. v. New England Compounding Pharmacy, Inc., et al.**
             Case No.: 1:12-cv-07176-RMB-JS
             **Brian T. Pennington v. New England Compounding Pharmacy, Inc., et al.**
             Case No.: 1:12-cv-07179-RMB-JS
             **Christopher M. Hannah, et al. v. New England Compounding Pharmacy, Inc., et al.** - Case No.: 1:12-cv-07180-RMB-JS

Dear Judge Bumb:

      Defendant Ameridose, LLC ("Ameridose") is submitting this letter pursuant to Local Rule 7.1(d)(6) to respectfully request leave to file a short (not to exceed 5 pages) Sur-Reply in Opposition to Plaintiff's Motion to Remand in each of the above-referenced cases. Although Ameridose will be filing a Sur-Reply (if permitted) in each case, each Sur-Reply will be the same because the procedural history and briefing on these issues is identical in each matter. A Sur-Reply is necessary to respond to new arguments and clarify important misstatements in the plaintiffs' reply briefs regarding the standards for determining whether (a) the plaintiffs' product liability claims against the non-diverse, forum defendants ("Healthcare Defendants") were fraudulently joined; and (b) the plaintiffs' remaining negligence claims against the Healthcare Defendants should be severed.

      With respect to fraudulent joinder, the key issue is whether the Healthcare Defendants qualify as "manufacturers" or "product sellers" under the NJPLA. Plaintiffs do not argue that the allegations in their complaints, as drafted, bring the Healthcare Defendants within the NJPLA's definition of "manufacturer" or "product seller." Rather, the plaintiffs argue that discovery is needed to determine whether certain facts exist that would bring the Healthcare Defendants within these definitions.

      Contrary to the plaintiffs' argument, however, fraudulent joinder is judged from the four corners of the complaint. More importantly, the specific facts to which the plaintiffs claim they need discovery (whether the Healthcare Defendants wrote prescriptions for the MPA tailored

**MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP**

Page 2

specifically to each plaintiff) are facts that were available to the plaintiffs long before they filed their complaints. If the plaintiffs intended to pursue the Healthcare Defendants under the NJPLA, it was incumbent upon them to allege facts necessary to identify the Healthcare Defendants as "product sellers" or "manufacturers" at the time they filed their complaints. Although plaintiffs referenced the issue of the existence of prescriptions in their remand motions, they did so only in regard to arguing that the Healthcare Defendants were negligent in failing to write prescriptions[1] – an issue that is separate and distinct from whether these facts bring the Healthcare Defendants within the NJPLA. Plaintiffs did not raise these facts in the context of their product liability claims against the Healthcare Defendants until their Reply Briefs.

The plaintiffs' arguments against severance also focus on the incorrect standard. As Ameridose previously demonstrated, severance is not restricted to situations in which a defendant is misjoined. Even when claims against a defendant are properly joined, "[Rule 21] may be invoked to prevent prejudice or promote judicial efficiency." *Picozzi v. Connor*, 2012 WL 2839820, *5 (D.N.J. 2012). In opposing severance, the plaintiffs incorrectly imply that Ameridose is seeking to sever the negligence claims on the ground that they were misjoined. Indeed, the plaintiffs completely ignore the four factors cited by Ameridose for determining whether to sever properly joined claims.

Finally, two additional remand motions in related cases are returnable on February 4, 2012, and Ameridose will be submitting briefs in opposition to these motions on January 21, 2012. Ameridose's briefs in opposition in these two new cases will address these newly raised points. Permitting Ameridose to file sur-replies in the three original cases will permit the Court to have the benefit of all arguments on this first set of motions, rather than waiting for the later motions.

For the foregoing reasons, Ameridose respectfully requests leave to file a Sur-Reply in Opposition to Plaintiff's Motion to Remand, not to exceed five pages.

Respectfully submitted,

MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP

/s/ *Walter F. Timpone*

Walter F. Timpone

---

[1] *See* Plaintiffs' Motions to Remand at ¶¶ 27-29 in *Pennington*; Plaintiff's Motion to Remand ¶¶ 28-30 in *Marko*; Plaintiff's Motion to Remand ¶¶ 33-35 in *Hannah*.