UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRIAN T. PENNINGTON, | |
| Plaintiffs, | CIVIL ACTION |
| | NO. 12-cv-07179-RMB-JS |
| v. | |
| NEW ENGLAND COMPOUNDING PHARMACY, INC., d/b/a NEW ENGLAND COMPOUNDING CENTER; AMERIDOSE, LLC; ALAUNUS PHARMACEUTICAL, LLC; PREMIER ORTHOPAEDIC AND SPORTS MEDICINE ASSOCIATES OF SOUTHERN NEW JERSEY, LLC, also trading as PREMIER ORTHOPAEDIC ASSOCIATES; SOUTH JERSEY HEALTHCARE; SOUTH JERSEY REGIONAL MEDICAL CENTER; KIMBERLEY YVETTE SMITH, M.D., a/k/a KIMBERLEY YVETTE SMITH-MARTIN, M.D.; JOHN DOE(S) CORPORATIONS (1-4); and JOHN DOE(S) M.D. (1-3), | |
| Defendants. | |

## MOTION OF DEFENDANT ALAUNUS PHARMACEUTICAL, LLC TO DISMISS FOR FAILURE TO STATE A CLAIM PURSUANT TO FED.R.CIV.P. 12(b)(6)

Defendant, Alaunus Pharmaceutical, LLC, by and through its counsel, hereby moves the Court to dismiss Plaintiff's Amended Complaint for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6).

Plaintiff brings this product liability action against Defendants, New England Compounding Pharmacy, Inc. ("NECC"), Ameridose, LLC ("Ameridose"), and Alaunus Pharmaceutical, LLC ("Alaunus"), as well as a medical malpractice action against Co-Defendants, Premier Orthopaedic and Sports Medicine Associates of Southern New Jersey, LLC, also trading as Premier Orthopaedic Associates ("Premier Orthopaedics"), South Jersey Healthcare ("SJH"),

South Jersey Regional Medical Center ("SJRMC"), Kimberley Yvette Smith, M.D., a/k/a Kimberley Yvette Smith-Martin, M.D. ("Dr. Smith"), John Doe(s) Corporations (1-4), and John Doe(s) M.D. (1-3) (collectively referred to as the "Healthcare Providers").  Plaintiff's Amended Complaint asserts various causes of action against NECC, Ameridose, Alaunus, and the Healthcare Providers arising out of alleged injuries suffered by Plaintiff from an injection of a contaminated steroid compound that was allegedly administered by Dr. Smith at SJH and manufactured, compounded and/or sold by NECC.  *See Pl. Amend. Comp*., ¶¶ 26 - 30.  Plaintiff's Amended Complaint is in four (4) counts including: Count I – Violation of the New Jersey Product Liability Act, N.J. Stat. s. 2A:58C-1, *et. seq*. (the "NJPLA") (against all defendants); Count II – Negligence (against NECC, Ameridose, Alaunus, and the John Doe Corporations); Count III – Negligence (against all of the Healthcare Providers);[1] and, Count IV – Breach of Express Warranty (against NECC, Ameridose, Alaunus, and the John Doe Corporations). *See id.*, generally.

As set forth more fully in Alaunus' Memorandum in Support of Its Motion to Dismiss, which has been filed in conjunction with this Motion, Plaintiff's Amended Complaint should be dismissed for five (5) reasons.  First, all of the claims should be dismissed as to Alaunus because the Amended Complaint does not plead sufficient facts to show that Alaunus is vicariously liable for NECC's alleged tortious conduct under an alter-ego liability theory. Second, all counts of the Amended Complaint should be dismissed as to Alaunus because the pleading impermissibly "lumps" NECC, Ameridose, and Alaunus together.  Third, Count I of the Amended Complaint should be dismissed because it fails to state a viable claim under the NJPLA against Alaunus. Fourth, Count II should be dismissed because the Plaintiff's claim for common law negligence is subsumed under the NJPLA.  Fifth, Count II should be dismissed – even if it is not subsumed by

---

[1] This Motion to Dismiss does not contain any discussion regarding Count III of the Amended Complaint because that count is asserted against the Healthcare Providers, not Alaunus.

the NJPLA (which it is) - because Plaintiff has failed to plead facts sufficient to give rise to a reasonable inference that Alaunus is liable for the misconduct alleged since there are no facts in the Amended Complaint showing that Alaunus manufactured or distributed any defective product into the stream of commerce; that his alleged injuries were caused by the defective product; or, that the products allegedly used or consumed by Plaintiff are traceable to Alaunus.

For these reasons, Plaintiff's Amended Complaint should be dismissed in its entirety, or at the very least as to Alaunus, pursuant to Fed.R.Civ.P. 12(b)(6).

Respectfully Submitted,
Alaunus Pharmaceutical, LLC,
By its Attorney,

*/s/ Michele Hunton*

Michele Hunton
Lawson & Weitzen, LLP
88 Black Falcon Ave, Suite 345
Boston, MA 02210
Tel: (617) 439-4990
mhunton@lawson-weitzen.com

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing has been filed with the Clerk of the Court on February 22, 2013 using the CM/ECF system which sent notification of this filing to all ECF registered counsel of record via e-mail generated by the Court's ECF system.

*/s/ Michele Hunton*

Michele Hunton
Lawson & Weitzen, LLP
88 Black Falcon Ave, Suite 345
Boston, MA 02210
Tel: (617) 439-4990
mhunton@lawson-weitzen.com

3